IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re

BRIAN J. KELLY,

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - -

C & A INVESTMENTS,

        Plaintiff-Creditor-Appellee,

        v.

BRIAN J. KELLY,

        Defendant-Debtor-Appellant.

OPINION and ORDER

08-cv-507-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is an appeal from an order of the United States Bankruptcy Court for the Western District of Wisconsin, brought pursuant to 28 U.S.C. § 158(a). This is not the first appeal; the case has a history dating from December 2002. In July 2007, the parties appealed the bankruptcy court's final order in which it dismissed the case, revoked debtor Brian Kelly's discharge of debt and required debtor to obtain leave of court before filing a future bankruptcy case. I reversed the bankruptcy court's decision to dismiss the case and

1

its decision to revoke debtor's discharge and affirmed the remainder of the bankruptcy court's decision. The case was remanded to the bankruptcy court for additional proceedings. On remand, the bankruptcy court again ordered the revocation of debtor's discharge of debt but for different reasons from those relied on in its earlier order. I conclude that the bankruptcy court's decision on remand to revoke debtor's discharge was proper because debtor failed to obey court orders in violation of 11 U.S.C. § 727(d)(3) and that violation mandates revocation of discharge. Debtor's motion to stay credit actions pending an appellate ruling is moot because this opinion decides his appeal.

From the record on appeal, I find the following facts solely for the purpose of deciding the appeal.

FACTS

A. Bankruptcy Proceedings

On December 12, 2002, creditor-appellee C & A Investments, along with two other creditors, filed an involuntary petition under chapter 7 of the Bankruptcy Code against debtor. On April 8, 2003, debtor filed a motion to convert the case from chapter 7 to chapter 13 of the Bankruptcy Code. On April 17, 2003, the bankruptcy court granted debtor's motion.

At a hearing on June 30, 2003, the bankruptcy court reconverted the case from a

chapter 13 case to a chapter 7 case and replaced trustee William Chatterton with Peter Herrell.  On July 2, 2003, a § 341(a) creditors' meeting was scheduled for August 25, 2003. An order scheduling the meeting was sent to debtor by first class mail on July 4, 2003. Debtor was listed on the order as proceeding pro se.  The order states in part:

> *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.*

(Italics in original).  Although debtor was served with the order, he did not appear at the August 25, 2003 § 341(a) creditors' meeting.

On August 27, 2003, the bankruptcy court ordered debtor to show cause for his failure to appear at the creditors' meeting.  The order stated in part that "the debtor and attorney for debtor shall appear before the Court" on September 22, 2003, to explain why the case should not be dismissed for cause.  Debtor did not appear at the September 22 hearing.

On January 11, 2005, the bankruptcy clerk office entered an unnumbered statement on the docket that read in part:

> Last day to oppose discharge or dischargeability is 10/24/2003.  Objection to discharge deadline reset to accommodate inclusion in AutoDischarge program.

That same day, debtor was granted a discharge of his debts.  On January 14, 2005, the order discharging debtor's debts was mailed to all the parties in the case.  On December 22, 2006, the bankruptcy court granted relief from the automatic stay, vacated debtor's discharge of

3

debt under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60(a), dismissed the case and enjoined debtor from filing another bankruptcy case without leave of the bankruptcy court.

Debtor appealed the bankruptcy court's decision to this court.  On July 24, 2007, I affirmed the bankruptcy court's order enjoining debtor from filing a new bankruptcy case but reversed the bankruptcy court's dismissal of the case as well as the bankruptcy court's revocation of debtor's discharge and remanded the case.  Kelley v. Herrell, 07-cv-75-bbc (W.D. Wis. July 24, 2007).

### B.  Adversary Proceedings

Following this court's remand order, creditor-appellee filed an adversary complaint on November 28, 2007 against debtor contending that debtor's discharge should be vacated under Bankruptcy Rule 9024's incorporation of Fed. R. Civ. P. 60(b)(6) or revoked under 11 U.S.C. § 727(d)(3) and its incorporation of § 727(a)(6)(A).

On January 24, 2008, the bankruptcy court issued a trial and pretrial order scheduling the adversary trial for April 23, 2008.  At the trial, the bankruptcy court held that debtor's discharge should be revoked under Bankruptcy Rule 9024 or, in the alternative, under 11 U.S.C. § 727(d)(3).  The bankruptcy court said, in part,

> the docket in the bankruptcy case, as Mr. Freund points out in his brief, shows . . . [debtor's] refusal to appear at the creditors, first meeting of creditors.  And then also refusal to appear at the show cause hearing.  Then, as we know, it was only through

>the Clerk's Office erroneously removing a flag to hold the discharge that the discharge
>was filed—excuse me—that the discharge was granted. So the Court will void and
>revoke that discharge.

On April 30, 2008, the bankruptcy court issued an order, stating in part: "The order discharging the debtor entered by the Court on January 11, 2005, is hereby vacated pursuant to Fed. R. Bankr. P. 9024 and 11 U.S.C. § 727(d)(3)." On May 9, 2008, debtor filed a notice of appeal of the bankruptcy court's revocation of his discharge.

## OPINION

### A.  Standard of Review

In a bankruptcy appeal, issues of law are reviewed de novo; factual findings may be set aside only if they are clearly erroneous. Bankruptcy Rule 8013.

### B.  Debtor's Appeal

Although debtor raises a number of challenges to both the bankruptcy court's revocation order and the adversary trial that preceded the order, those challenges fall into one of three categories: (1) whether the bankruptcy court failed to follow the district court's remand order; (2) whether the bankruptcy court properly applied the law to the facts; and (3) timeliness of the revocation.

5

1. Failure to follow remand order

The July 24, 2007 order of remand stated specifically, "On remand, the parties and the court may consider whether there are other grounds for vacating the discharge." App. Rec., dkt. #96, at 14. The bankruptcy court's first order to revoke debtor's discharge was based on Bankruptcy Rule 9024 and the rule's incorporation of Fed. R. Civ. P. 60(a). The bankruptcy court's most recent order to revoke debtor's discharge is based on Bankruptcy Rule 9024's incorporation of Fed. R. Civ. P. 60(b) and, in the alternative, on 11 U.S.C. § 727(d)(3). The bankruptcy court decision that debtor is appealing from revokes debtor's discharge on "other grounds" than those relied upon in the initial revocation order. The decision was within the terms of the remand.

2. Application of law to facts

The bankruptcy court based the revocation of debtor's discharge on both Bankruptcy Rule 9024 and 11 U.S.C. § 727(d)(3), but I need address only the second ground, discharge under § 727(d)(3). The bankruptcy court's decision to revoke debtor's discharge under this section was proper and "[s]ection 727(d) makes revocation mandatory if the criteria spelled out in that section are satisfied." Disch v. Rasmussen, 417 F.3d 769, 778 (7th Cir. 2005).

Under 11 U.S.C. § 727(d)(3)'s incorporation of § 727(a)(6)(A), a debtor's discharge shall be revoked if "the debtor has *refused* . . . to obey any lawful order of the court . . . ."

6

(Emphasis added.) The party moving for revocation has the burden of proving that the debtor refused to obey a lawful court order. In re Chadwick, 335 B.R. 694, 703 (W.D. Wis. 2005). Satisfaction of this burden places "an obligation [on debtor] to explain his non-compliance." In re Jordan, 521 F.3d 430, 433 (4th Cir. 2008) (citations omitted).

Although the term "refused" is not defined in the bankruptcy code, I find persuasive the reasoning of "[t]he majority of courts [who] have found the word 'refused' requires the showing of a willful or intentional act as opposed to a mistake or the inability to comply." In re Eckert, 375 B.R. 474, 480 (Bankr. N.D. Ill. 2007); Jordan, 521 F.3d at 434. Although showing a willful or intentional act requires more than a showing of "a failure to obey a court's order that results from inadvertence, mistake, or inability to comply," a party can show a willful or intentional act "by showing the debtor received the order in question and failed to comply with its terms." Eckert, 375 B.R. at 480.

Debtor refused to obey two court orders: (1) one requiring him to attend the § 341(a) creditors' meeting scheduled for August 25, 2003 and (2) the one requiring him to attend the September 22, 2003 hearing to show cause. At the adversary trial, creditor-appellee presented the bankruptcy court's docket as proof that debtor received both orders and failed to comply with their terms. Debtor neither disputed this evidence nor explained his non-compliance. He merely noted that his non-compliance happened in 2003 and "[t]hat's obviously not a very timely matter." App. Rec., dkt. #133, at 5. Creditor-appellee

7

satisfied its burden of establishing that debtor had refused to obey lawful court orders, which satisfies § 727(d)(3)'s incorporation of § 727(a)(6)(A).  Once it had done so, § 727(d)(3) made revocation mandatory.  Therefore, the bankruptcy court acted correctly in revoking debtor's discharge under 11 U.S.C. § 727(d)(3).

3.  Timeliness of revocation

Debtor raises a timeliness attack on the revocation of his discharge.  He points out that at the time creditor-appellee filed its adversary complaint requesting revocation the discharge order was almost three years old.  The time that has passed is irrelevant.  Under 11 U.S.C. § 727(e)(2)(B), a creditor may request revocation of a debtor's discharge under § 727(d)(3) before "the date the case is closed."  When creditor-appellee filed its adversary complaint, the case was still open.  Therefore, its request for revocation of debtor's discharge was timely.

ORDER

IT IS ORDERED that:

1. The final order of the United States Bankruptcy Court for the Western District of Wisconsin revoking debtor Brian J. Kelly's discharge is AFFIRMED.

2. Debtor's motion to stay all credit actions pending an appellate ruling is DENIED as moot.

Entered this 12th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

9